IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT
ASSOCIATION; CENTER FOR
BIOLOGICAL DIVERSITY

                                              3:03-cv-00213-PK

            Plaintiffs,

                                              OPINION AND ORDER

v.

U.S. FOREST SERVICE; ROGER W.
WILLIAMS, Malheur National Forest
Supervisor; JEFF HUSSEY; SHERRI
HUSSEY; MARK JOYCE; WENDY L.
JOYCE; ANTHONY W. JOYCE;
KATHERINE JOYCE; J&M COOMBS LLC;
CHARLES DUNTEN; DARWIN DUNTEN;
JOHN AHMANN; JUDY AHMANN; ELDER
RANCH, INC.; JOSEPH CRONIN; GAY
CRONIN

            Defendants.

---

PAPAK, Magistrate Judge:

    Plaintiffs Oregon Natural Desert Association and Center For Biological Diversity

(collectively, "ONDA") bring this action against the United States Forest Service ("Forest

Service") and a forest supervisor (collectively, "Federal Defendants"), alleging that Federal

Defendants' actions and inactions with respect to livestock grazing in the Malheur National

Forest ("grazing decisions") violate federal environmental statutes.[1] The remaining defendants

are individual grazing permittees that have intervened in this action (collectively, "Intervenor

Defendants"). Now before the court is Plaintiffs' Motion for Leave to File a Fifth Supplemental

---

[1] ONDA's proposed Fifth Supplemental and Amended Complaint asserts claims under the
National Wild and Scenic Rivers Act of 1968 ("WSRA"), 16 U.S.C. §§ 1271–1286, and the
National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600–1614.

OPINION AND ORDER PAGE—1

and Amended Complaint for Declaratory and Injunctive Relief (#385) ("ONDA's Motion"). For

the reasons provided below, ONDA's Motion is granted.

## BACKGROUND

Because this case has been ongoing for over 13 years, a brief discussion of its procedural

history is warranted. ONDA initiated this action on February 18, 2003. *See* Compl. (#1-1). On

June 3, 2005, the court[2] dismissed the case after finding that the Forest Service's Annual

Operating Instructions ("AOIs") are not "final agency actions" reviewable under the

Administrative Procedure Act ("APA"). *Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*, No. CIV.

03-213-JO, 2005 WL 1334459, at *1 (D. Or. June 3, 2005), *rev'd and remanded*, 465 F.3d 977

(9th Cir. 2006). ONDA appealed.

In 2006, the Ninth Circuit determined that the AOIs are final agency actions, reversed the

dismissal, and remanded the case for consideration on the merits. *Oregon Nat. Desert Ass'n v.

U.S. Forest Serv.*, 465 F.3d 977 (9th Cir. 2006). The parties engaged in settlement negotiations

throughout much of 2007. Those negotiations failed, and ONDA filed a Third Amended

Complaint (#249) in January of 2008. There were relatively few developments in the case

during 2008 and 2009, during which time the parties continued to discuss settlement and update

the administrative record.

ONDA filed its Fourth Amended Complaint (#278) ("FAC") on February 24, 2010. The

FAC is now the operative pleading. The FAC challenges Federal Defendants' grazing decisions

from 2006 through 2009.

Between 2010 and 2013, the parties continued to engage in settlement negotiations and

participated in formal mediation. To date, the parties have not reached a settlement. ONDA

---

[2] The Honorable Robert E. Jones, U.S. District Judge.

now moves to supplement and amend its complaint to challenge grazing decisions made by

Federal Defendants after ONDA filed its FAC in 2010.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings before trial. Rule

15(a)(2) directs trial courts to grant leave to amend "freely when justice so requires." Courts

consider the following factors in adjudicating motions to amend: (1) undue prejudice to the

opposing party, (2) undue delay, (3) repeated failure to cure deficiencies by previous

amendments, (4) bad faith, (5) dilatory motive, and (6) futility of the proposed amendment. *See*

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings. While an

amended pleading contains allegations concerning events that occurred prior to the filing of the

original pleading, a supplemental pleading contains allegations concerning events that occurred

subsequent to the filing of the original pleading. *See, e.g.*, *Bittel Tech., Inc. v. Bittel USA, Inc.*,

No. C10-00719 HRL, 2011 WL 940300, at *2 (N.D. Cal. Feb. 18, 2011) (citations omitted).

However, the distinction between motions to amend and motions to supplement is largely

academic, as the same legal standard governs both motions. *See, e.g.*, *Paralyzed Veterans of*

*America v. McPherson*, No. C 06–4670 SBA, 2008 WL 4183981, at *26 (N.D. Cal. Sept. 9,

2008).

## DISCUSSION

ONDA proposes to supplement and amend its complaint to challenge Federal Defendants'

grazing decisions from 2010 through present in addition to maintaining its existing challenges to

Federal Defendants' grazing decisions reaching back to 2006. Intervenor Defendants[3] argue that ONDA's Motion should be denied. According to Intervenor Defendants, ONDA's proposed supplemental and amended complaint is prejudicial because it would require review of thousands of pages of administrative records. Intervenor Defendants further argue that the proposed supplemental and amended complaint is prejudicial because ONDA need not litigate ten years of agency decisions to obtain the relief it seeks. Intervenor Defendants also contend that the applicable statute of limitations bars ONDA from challenging decisions issued more than six years ago. Finally, Intervenor Defendants argue that ONDA's proposed supplemental and amended complaint is futile.

ONDA's Motion is granted. ONDA's proposed supplemental and amended complaint will not unduly prejudice Intervenor Defendants. Undue prejudice to an opposing party is the most important factor a court must consider in deciding whether to grant a motion to amend and supplement. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987)). The party opposing the motion carries the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187 (citation omitted). Importantly, ordinary prejudice is not sufficient to preclude an amendment or supplement to a pleading. Because every amendment and supplement will result in some prejudice, only "undue" or "substantial" prejudice will preclude an amendment or supplement. *See Crane v. United States*, No. 3:10-68-AC, 2011 WL 7277317, at \*9 (D. Or. Nov. 29, 2011)

---

[3] Federal Defendants do not oppose ONDA's Motion. Rather, Federal Defendants present the court with a scheduling issue, requesting that it be permitted to compile a supplement to the administrative record after the court resolves Federal Defendants' anticipated motion to dismiss the Fifth Amended Complaint. That issue can be adequately addressed during the next scheduling conference.

(citations omitted), *report and recommendation adopted*, No. 3:10-CV-00068-AC, 2012 WL 442748 (D. Or. Feb. 9, 2012).

Intervenor Defendants argue that the proposed supplemental and amended complaint is prejudicial because it will "cause a significant burden as Intervenor-Defendants are forced to review and brief thousands of pages of administrative records." Intervenor Defs.' Resp. 2 (#389). I disagree. Intervenor Defendants chose to intervene in a complex lawsuit involving allegations of wrongdoing that reaches back several years into the past and indefinitely into the future. Consequently, Intervenor Defendants cannot now argue that they are somehow surprised by the fact that ONDA seeks to update its complaint to include allegations of the most recent alleged wrongdoing. Moreover, if the court were to accept Intervenor Defendants' argument and deny ONDA's Motion, ONDA would likely file an additional and duplicative suit. That result would fly in the face of Rule 15(d), the purpose of which is "to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981) (citations omitted).

Intervenor Defendants' argument regarding ONDA's purported lack of need to litigate ten years of agency decisions is even less persuasive. Intervenor Defendants note that, in a related case, ONDA argued that grazing activities can cause damage that lasts one or more years into the future. Therefore, Intervenor Defendants argue, if ONDA's allegations in this case are true, they will be reflected in the most recent years' records. I disagree. ONDA is the master of its claims, and generally speaking, it is free to litigate them how it sees fit. Records from past years may very well paint a more complete and accurate picture of the environmental impacts of the grazing activities underlying this action. Defendant Intervenors have failed to show undue prejudice.

ONDA's proposed supplemental and amended complaint is not time-barred either. Intervenor Defendants contend that the proposed supplemental and amended complaint is time-barred to the extent it seeks to retain claims challenging agency actions from 2006 through 2010. The applicable statute of limitations requires ONDA to have filed its complaint within six years after its right of action accrued. *See* 28 U.S.C. 2401(a). ONDA asserted claims for agency grazing decisions from 2006 through 2009 in its FAC, which it filed on February 24, 2010. Thus, those claims are clearly not time-barred. As stated above, ONDA's proposed supplemental and amended complaint seeks to add claims for identical agency decisions between 2010 and present. Those claims therefore relate back to the date of ONDA's original Complaint. *See William Inglis & Sons Baking*, 668 F.2d at 1057 ("Where, however, the original pleading gave notice that the alleged wrongful conduct was of a continuing nature, supplemental pleadings addressed to the same conduct should not encounter statute of limitations questions." (footnote omitted)); *Yates v. Auto City 76*, 299 F.R.D. 611, 615 (N.D. Cal. 2013) ("Relation back can apply to supplemental pleadings, and not just amended pleadings." (citing *United States v. CMA, Inc.*, 890 F.2d 1070, 1073-74 (9th Cir.1989)). ONDA's proposed supplemental and amended complaint is not time-barred.

Finally, I also reject Intervenor Defendants' argument that ONDA's proposed supplemental and amended complaint is futile. The test for futility is the same as the test applied on a Rule 12(b)(6) motion. *See Fulton v. Advantage Sales & Mktg.*, LLC, No. 3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012). Thus, ONDA's proposed supplemental and amended complaint is not futile if it contains sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Intervenor Defendants argue that the proposed supplemental and amended complaint seeks to impermissibly challenge Federal Defendants' "pattern and practice" of violating environmental statutes. I disagree.

When a party seeks judicial review under the APA, as ONDA does here, it must identify a "final agency action" that caused its alleged harm. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). An agency's policy, pattern, or practice is not a final agency action. *See id.* at 889-90. However, ONDA's proposed supplemental and amended complaint does not assert a challenge to an agency policy, pattern, or practice. Rather, the proposed supplemental and amended complaint clearly asserts challenges to discrete agency decisions—"grazing permits, permit renewals, AOIs, Grazing Permit Modifications, annual authorization letters, and other grazing authorizations"—issued between 2006 and 2015. *See* Proposed Fifth Am. Compl. ¶¶ 83, 88 (#385-1). Those are final agency actions reviewable under the APA.

As stated above, the Ninth Circuit already determined in this case that Federal Defendants' AOIs constitute final agency actions. *Oregon Nat. Desert Ass'n*, 465 F.3d at 990. The Ninth Circuit also made clear, in that same decision, that Federal Defendants' grazing permits are also final agency actions. *See id.* at 984-85 (9th Cir. 2006) (citing *Idaho Watersheds Project v. Hahn*, 307 F.3d 815 (9th Cir. 2002)). ONDA alleges in its proposed supplemental and amended complaint that Federal Defendants' Grazing Permit Modifications and annual authorization letters are essentially AOIs in disguise. *See* Proposed Fifth Am. Compl. ¶¶ 38, 65 (#385-1). Thus, ONDA's proposed supplemental and amended complaint contains sufficient factual matter to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570); *see also Lujan*, 497 U.S. at 890 n. 2 (noting that a final agency action may be challenged under the APA even if, as a practical

matter, judicial review of the action would affect a larger agency program in its entirety).  On the

record before the court, ONDA's proposed supplemental and amended complaint is not futile.

## CONCLUSION

For the reasons provided above, ONDA's Motion (#385) is granted.  ONDA is ordered to

file its Fifth Supplemental and Amended Complaint within 30 days of this Order.


Dated this 9th day of March, 2016.


/s/ _____

Honorable Paul Papak
United States Magistrate Judge